UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERBERT LEON MANAGO, Jr.
Plaintiff

v.                     Case No. 3:23-cv-151-MMH-MCR

BENJAMIN SMITH, et al.,
Defendants

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S SUMMARY JUDGEMENT MOTION WITH INCORPORATED MEMORANDUM OF LAW

### STATEMENT OF THE CASE

Plaintiff, Herbert Leon Manago, Jr., pro se, filed this action seeking damages, a declaratory judgement and injunctive relief based on gratuitous use of force, the denial of procedural due process and failure to intervene on the plaintiffs behalf. Defendant's have filed a motion for summary judgement as to the claims in Plaintiff's Amended Complaint (See Doc. 10) against defendant's Smith, Boone, Carter, Nicholson, Bryant, Benson and Dewberry, arguing that their conduct did not violate the Constitution.

### STATEMENT OF FACTS

On September 8, 2022, while housed in administrative confinement at Hamilton Correctional Institution Annex

(1)

in Jasper, FL, Defendant Smith harassed Plaintiff and threatened to use chemical agents against him because Defendant's Carter and Boone wanted to punish him for unjustifiable reasons. A few hours later, Defendants Smith, Nichalson and Bryant, at the direction of Defendant Carter, removed Plaintiff from his cell to place him on property restriction. During the removal, Defendants Nichalson and Bryant intentionally tightened hand and leg restraints to the point they lacerated Plaintiffs wrist and ankles. Later that day Defendants Carter and Smith ordered Defendant Boone to administer chemical agents into Plaintiff's cell. After the chemical agents were administered, Defendant's Benson and Dewberry then removed Plaintiff from his cell and applied hand and leg restraints for Plaintiffs decontamination shower and applied the restraints so tight that they again lacerated his wrists and ankles. Defendant's Benson and Dewberry intentionally reapplied the same overly tight restraints when removing Plaintiff from the shower. Plaintiff was returned to that same contaminated cell.

   The Defendant's affidavits tell a slightly different story. They all claim to have followed the FDC polices and procedures committing nor witnessing any violations.

## ARGUMENT
## POINT I

THERE ARE GENUINE ISSUE OF MATERIAL FACT THAT PERCLUDE SUMMARY JUDGMENT FOR THE DEFENDANTS ON THE CLAIMS IN THE PLAINTIFFS AMENDED COMPLAINT

(2)

Summary judgment is to be granted only if the record before the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. A "material" fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

   The declarations of the plaintiff and the defendants' are squarely contradictory as to what force was used, how it was used, and why it was used. As well as the means of manipulation of reports and documents, video footage and the denial of medical treatment for the injuries suffered by the plaintiff. The allegations in the plaintiff's declaration portray a completely gratitous use of force against an inmate who was locked in his cell alone and was cooperateing with the orders he had been given. The defendants, by contrast, claim that they used only necessary force to control a prisoner who was causeing disturbances and yelling obscenities. There is clearly a genuine issue of fact.

   The factual dispute is also material. Under the governing law, whether the use of force by prison staff violates the Eighth Amendment depends on whether it was "applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 5-6, 112 S.Ct. 995 (1992); Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986). The fact that force was used when unnecessary, or in a manner excessive to any need, is in itself evidence that the defendants were acting "maliciously and sadistically to cause harm". Miller v. Leathers, 913 F.2d 1085, 1088 (4th Cir. 1990); Oliver v. Collins, 914 F.2d 56, 59 (5th Cir. 1990); Orwat v. Maloney, 360 F.Supp.2d 146, 153-54 (D.Mass. 2005)

A reasonable jury could find for the plaintiff based on the facts in the plaintiff's declaration, and summary judgment must therefore be denied.

## POINT II

## NEITHER OF THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects government officials sued in their individual capacity if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." White v Pauly, 137 S.Ct. 548, 551 (2017). When evaluating Plaintiff's claim, the Court must determine (1) whether the facts alleged, viewed in the light most favorable to the plaintiff, show that the conduct of each of the officers violated a constitutional right, and (2) whether under the facts alleged, there was a violation of "clearly established law". Pearson v. Callahan, 555 U.S. 223 (2009)

At the time of Defendants' use of force, the "core judicial inquiry" in an Eighth Amendment claim for excessive force was "whether force was applied to a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm". Hudson v McMillian, 503 U.S. 1, 5-6 112 S.Ct. 995 (1992) Other factors relevant to the inquiry include the need for application of force, the relationship between the need and the amount of force used, the threat "reasonably perceived by the responsible officials", and any efforts made to temper the severity of the forceful response". Whitley v Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)

Taking the facts in the light most favorable to the plaintiff, a jury could reasonably find that each individual Defendants'

(4)

use of force was malicious and sadistic and that it was performed for the purpose of causing harm, that the force exceeded any need for force and that there was no effort to temper its severity. Taken in that light, each individual Defendants' use of force violated "clearly established law". The Defendants' claim that they each and individually acted within the course and scope of their position is denied by Plaintiff and disputed where Defendants' actions against him overstepped Constitutional limits.

## CONCLUSION

Based on the above argument and citations, the Defendants' motion for Summary Judgement should be DENIED and the case should proceed to trial.

Pursuant to 28 U.S.C § 1746, I delare under penalty of perjury that the foregoing is true and correct.

## UNNOTARIZED OATH

Pursuant to F.S. 92.525(2) "Under penalties of perjury, I declare that I have read the foregoing "Plaintiff's Brief In Opposition To Defendants Summary Judgement Motion With Incorporated Memorandum Of Law" and that the facts stated in it are true to the best of my knowledge and belief."

Signed this 28th day of December 2024

/S/ Herbert Leon Manayo Jr
Herbert Leon Manayo Jr #V25844
NWFRC - 4455 Sam Mitchell Dr.
Chipley, FL 32428

(5)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent to 1.) Clerk of Court, 300 N. Hogan Street, Suite 9-150, Jacksonville, FL 32202; 2.) Howell, Buchan & Strong, 2898-6 Mahan Drive, Tallahassee FL 32308

/S/ Herbert Leon Manago Jr.
Herbert Leon Manago Jr. #V25844

(6)