UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERBERT LEON MANAGO, Jr.
Plaintiff

v.                                    Case No. 3:23-cv-151-MMH-MCR

BENJAMIN SMITH, et al.,
Defendants

## DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

Herbert Leon Manago, Jr. states:

1. I am the plaintiff in the above-entitled case. I make this declaration in opposition to defendants' motion for summary judgment on the claims in Plaintiffs Amended Complaint (See Doc.10 at 10) against defendants Smith, Boone, Carter, Nicholson, Bryant, Benson and Dewberry.

2. The defendants' affidavit claims in summary, that I created a disturbance and was warned numerous times that if I did not cooperate with lawful commands to cease my yelling of obscenities and disturbances that chemical agents would be deployed against me. They claim to have followed proper use of force procedures and admitted to deploying chemical agents against me because I continued to yell obscenities and disregarded their lawful commands. They claim that their acts did not amount to any constitutional violations.

(1)

3. The defendants are not entitled to summary judgment because there are genuine issues of materials fact to be resolved. These issues are identified in the accompanying Statement of Disputed Factual Issues filed by the plaintiff pursuant to Local Rule 56(c)(4)(d) of this district court. The facts are set out in this declaration.

4. On September 8, 2022, I was housed in H-Dormitory-1102 administrative confinement at Hamilton Correctional Institution Annex, Jasper, FL.

5. At or around approximately 9:00 a.m. the morning of September 8, 2022 defendant Smith came to my cell (H-Dorm, 1102) and threatened to use chemical agents against me because defendants' Carter and Boone wanted to punish me for unjustifiable reasons stemming from an incident ralated to another inmate and staff members.

6. A few hours later defendants' Smith, Nicholson and Bryant were ordered by defendant Carter to place me on property restriction.

7. After the defendants Nicholson and Bryant removed me from my cell and then they placed hand and leg restraints on me and caused me to bleed because of the tightness of the restraints.

8. Later that afternoon at approximately 4:45 p.m. defendants Carter and Smith ordered defendant Boone to administer chemical agents into my cell without any warning nor command.

(2)

9. After the chemical agents were deployed into my cell and upon my body. Defendants Benson and Dewberry removed me from my cell and reapplied hand and leg restraints which also caused more bleeding of the already open wounds that I had suffered that morning.

10. Shortly after I was removed from the decontamination shower I was placed back into my contaminated cell with clear lacerations that were untreated.

11. Contrary to defendants' affidavits, during those events I never created any disturbance nor did I yell any obscenities and I did not disobey any lawful commands. Rather, I sat on my bed, remaining quiet the entire time throughout each ordeal that I had with the defendants'.

12. The foregoing factual allegations create a genuine issue of material fact and will, if proved at trial, support a judgement in my favor, as explained in the brief submitted with this declaration.

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

### UNNOTARIZED OATH

Pursuant to F.S. 92.525 (2) "Under penalties of perjury, I declare that I have read the foregoing "Declaration In Opposition to Defendants Motion For Summary Judgement" and that the facts stated in it are true to the best of my knowledge and belief".

Signed this 28th day of December 2024
/S/ Herbert Leon Munoyo Jr.